**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Anthony GIACALONE, Defendant-Appellee.**

**No. 72–1765.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 9, 1973.

Decided May 2, 1973.

John T. Spotila, Crim. Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant; Ralph B. Guy, Jr.,

U. S. Atty., Laurence Leff, Sp. Atty., Dept. of Justice, Detroit, Mich., Jerome M. Feit, Eugene M. Propper, Dept. of Justice, Washington, D. C., on brief.

Neil H. Fink, Detroit, Mich., on brief, for defendant-appellee; Joseph Louisell, Detroit, Mich., of counsel.

Before PECK and KENT, Circuit Judges, and YOUNG, District Judge.*

KENT, Circuit Judge.

This is an appeal by the United States from the District Court's order dismissing an indictment. The appeal is taken under the provisions of Title 18 U.S.C. § 3731.[1]

The facts are relatively simple. On November 14, 1968, appellee and his brother, Vito Giacalone, were indicted by a Grand Jury sitting in the United States District Court for the Eastern District of Michigan. In that indictment appellee and his brother were charged with extortion in violation of Title 18 U.S.C. § 1951. In addition to the extortion charges appellee's brother was charged with violation of the Income Tax laws. Appellee was not charged with any income tax law violation in the 1968 Indictment. On motion of the appellee's brother the income tax charges were severed and there has been no trial on those charges. After a jury trial, and on June 4, 1971, all defendants charged with extortion, including appellee and his brother, were acquitted.

On January 6, 1972, a Grand Jury sitting in the same District returned an Indictment in which appellee and his brother were charged with violation of the Income Tax laws, 26 U.S.C. § 7201; 26 U.S.C. § 7206(1), and conspiracy to defraud the United States by violating the income tax laws in violation of 18 U.S.C. § 371. The charges in the January, 1972 Indictment were alleged to relate to and involve funds received by the appellee and his brother from one of the alleged extortion transactions upon which the 1968 Indictment was based. On appellee's motion the 1972 Indictment was dismissed by the District Court after the Court concluded that the Government's delay in presenting the income tax case against the appellee to the Grand Jury was unreasonable and unnecessary under Rule 48(b), Federal Rules of Criminal Procedure,[2] and further on the ground that the delay in presentation of the income tax case had denied appellee due process of law under the Fifth Amendment. The District Court rejected appellee's claim that he was denied a speedy trial in violation of the Sixth Amendment to the Constitution of the United States, relying upon United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The District Court, however, found that Rule 48(b) is broader than the Sixth Amendment when applied to the pre-indictment period and concluded that the Government had offered inadequate explanation for what the Court found to have been dilatory tactics.

■ We are of the opinion that the District Judge misapplied Rule 48(b). Clearly, the application of Rule 48(b) was not an issue in *Marion*. However, in the *Marion* decision, 404 U.S. at 312, 92 S.Ct. at 459, Footnote 4, the Court said:

"In any event, it is doubtful that Rule 48(b) applies in the circumstances of this case, where the indict-

---

\* Honorable Don J. Young, United States District Judge, for the Northern District of Ohio, sitting by designation.

1. "§ 3731. Appeal by United States.
In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."

2. "Rule 48. Dismissal. * * *.
(b) By Court. If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

ment was the first formal act in the criminal prosecution of these appellees."

and further at page 319, 92 S.Ct. at 463, the Supreme Court had the following to say in regard to Rule 48(b):

> "No federal statute of general applicability has been enacted by Congress to enforce the speedy trial provision of the Sixth Amendment, but Rule 48(b) of the Federal Rules of Criminal Procedure, which has the force of law, authorizes dismissal of an indictment, information or complaint '[i]f there is unnecessary delay in presenting the charge to a grand jury or in filing an information *against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial. . . .*' The rule clearly is limited to post-arrest situations." (Emphasis added.) Footnote omitted.

We point out that in this case appellee was not arrested for any violation of the income tax laws or conspiracy to violate such laws until after the Grand Jury had returned an Indictment for those offenses in January, 1972. Thus the appellee had not prior to the Indictment "been held to answer to the District Court."

This Court has previously held that Rule 48(b) is not applicable until after defendant has been held to answer to the District Court. Hoopengarner v. United States, 270 F.2d 465, 469 (6th Cir. 1959):

> "As to Rule 48(b) of the Federal Rules of Criminal Procedure, the District Court is authorized to dismiss the indictment, information, or complaint, providing there has been an unnecessary delay in presenting a charge to a grand jury or in filing an information against a defendant who has been held to answer to the District Court, or if there is unnecessary delay in bringing a defendant to trial. There was no unnecessary delay in the prosecution of defendant after he had

been held to answer. As to delay from the time of the commission of the offense to the commencement of the criminal proceedings, that is controlled by the Statute of Limitations, which is not here in question."

The other Circuits which have considered the issue have reached the same conclusion. United States v. Daley, 454 F.2d 505 (1st Cir. 1972); United States v. Iannelli, 461 F.2d 483 (2nd Cir. 1972), cert. denied, 409 U.S. 980, 93 S.Ct. 310, 34 L.Ed.2d 243 (1972); United States v. Grayson, 416 F.2d 1073 (5th Cir. 1969), cert. denied, 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753 (1970); United States v. DeTienne, 468 F.2d 151 (7th Cir. 1972); Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808 (1963), cert. denied, 379 U.S. 905, 85 S.Ct. 198, 13 L.Ed.2d 178 (1964); United States v. Dukow, 453 F.2d 1328 (3rd Cir. 1972), cert. denied, 406 U.S. 945, 92 S.Ct. 2042, 32 L.Ed.2d 331 (1972), and Benson v. United States, 402 F.2d 576 (9th Cir. 1968).

We agree with the language of the Seventh Circuit in *DeTienne,* 468 F.2d 151, 156:

> "Similarly appellants fare no better under Rule 48(b) of the Federal Rules of Criminal Procedure which authorizes dismissal of an indictment for unreasonable delay in presenting a charge to the grand jury because '[t]he rule is clearly limited to post-arrest situations.' United States v. Marion, supra [404 U.S.] at 319, 92 S.Ct. at 463. The pre-indictment delay herein was well within the applicable statute of limitations, which remains the primary yardstick for measuring pre-accusation delays to prevent possible prejudice."

We do not consider that the circumstances of this case or the alleged facts giving rise to the indictment require consideration of the conclusion reached by the Court of Appeals for the District of Columbia Circuit in Hanrahan v. United States, 121 U.S.App.D.C. 134, 348 F.2d 363 (1967). In *Hanrahan* the second indictment for fraudulent use of

the mail involved the same scheme for which the appellants had been arrested and indicted almost five years earlier. The only variation between the two indictments was the individual mailings. Thus, the cases are readily distinguishable since the present indictment in this case charges an entirely different and separate offense, although based upon some of the same facts.

■ Having reached the conclusion that Rule 48(b) is not applicable to this case we must then determine whether there was a denial of due process of law within the meaning of the Fifth Amendment because of delay in bringing the case to the grand jury. At the outset we point out that no evidence was offered before the District Court to show any actual prejudice to the appellee's defense because of the delay, and there has been no allegation of any actual prejudice but only general conclusory statements alleging prejudice but without facts in support of that claim.

In his motion before the District Court appellee made the following allegation:

> "5. That because of the government's unreasonable delay in presenting its case to the Grand Jury the defendant has been prejudiced by being unable during the intervening time to prepare a defense." App. p. 21.

and in this Court the only statement as to prejudice resulting from the delay was as follows:

> "In the instant case appellee Anthony Giacalone urges that the almost four-year delay in presenting the case to the Grand Jury inherently prejudices a defendant in the preparation of his defense and further that the Government delay can be considered nothing other than oppressive." Plaintiff's brief, p. 5.

In *Marion* the Supreme Court recognized the possibility that pre-indictment delay could amount to the denial of due process.

> " * * * [I]t is appropriate to note here that the statute of limitations does not fully define the appel-

lees' rights with respect to the events occurring prior to indictment. Thus, the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. Cf. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). However, we need not, and could not now, determine when and in what circumstances actual prejudice resulting from pre-accusation delays requires the dismissal of the prosecution. Actual prejudice to the defense of a criminal case may result from the shortest and most necessary delay; and no one suggests that every delay-caused detriment to a defendant's case should abort a criminal prosecution. To accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the circumstances of each case." 404 U.S. at 324–325, 92 S.Ct. at 465–466. (Footnote omitted).

In the instant case the trial judge concluded that the Government's delay in presentation of the case to the Grand Jury was not justified, but we find no evidence that such delay was for the purpose of harassment or to enable the Government to gain some tactical advantage over the appellee. It does not appear that there was in this case the "prosecutorial gamesmanship" referred to by the Second Circuit in United States v. Iannelli, 461 F.2d 483, 485 n. 2.

■ Thus, we must accept the general rule that in the absence of a showing of *intentional* Government delay actual prejudice must be demonstrated in order to establish a violation of the Fifth Amendment. United States v. Capaldo, 402 F.2d 821 (2nd Cir. 1968), cert. denied, 394 U.S. 989, 89 S.Ct. 1476, 22 L.Ed.2d

764 (1969); United States v. Baker, 424 F.2d 968 (4th Cir. 1970); United States v. Golden, 436 F.2d 941 (8th Cir. 1971), cert. denied, 404 U.S. 910, 92 S.Ct. 236, 30 L.Ed.2d 183 (1971).

In United States v. Feinberg, 383 F.2d 60, 67 (2nd Cir. 1967), cert. denied, 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968), the Court of Appeals for the Second Circuit had before it a case in which there were allegations that the pre-arrest delay was deliberate and thereby became unreasonable and oppressive. In concluding that deliberate delay, absent a showing of actual prejudice, was insufficient to constitute a denial of due process the court said at 383 F.2d at page 67:

> "Inasmuch as we have observed that there is an absence of prejudice shown by this record, the remaining issue for our resolution is whether a delay in arrest, however unjustifiable or unnecessary, is sufficient to invalidate a conviction where the defendant has not shown that he was prejudiced by the delay. We hold that it is not, for '[T]he Constitution and Rule 48 (b) protect only against *unreasonable and unnecessary* delay * * *.' (Emphasis added.) United States v. Simmons, supra [2 Cir.,] 338 F.2d 804, at 806; see Powell v. United States, 122 U.S. App.D.C. 229, 352 F.2d 705, 708 (1965). No case has been found holding a deliberate, unnecessary pre-arrest delay sufficient basis for reversal unless it also became unreasonable and oppressive by reason of prejudice to the accused.

> "It would be unwise to impose upon the judiciary the inquisitorial function of scrutinizing the internal operations of law enforcement agencies when no possible prejudice to the accused has been shown. Acceptance of the proposition advanced by appellant would encourage hasty, less efficient investigation and premature deprivations of freedom, curtail the investigation of organized crime, and lodge with enforcement agents the procedural onus of recording in detail every event in the investigative process. In short,

fear of forfeiting a prosecution would frequently induce *unreasonable* speed which 'would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself.' United States v. Ewell 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1965)."

On the record before us we conclude that the appellee failed in his effort to show deliberate delay and we conclude further that there is no showing of prejudice because of the delay in the return of the indictment in January, 1972. Under such circumstances the provisions of Rule 48(b) are not applicable, and we find nothing to sustain a claim of a denial of due process within the meaning of the Fifth Amendment.

The judgment of the District Court is reversed and the case is remanded for reinstatement of the indictment.