MEMORANDUM

**Hardy CLAY**

v.

**UNITED STATES of America.**

Civ. No. 3-74-202.

United States District Court,
E. D. Tennessee, N. D.

July 11, 1974.

Hardy Clay, pro se.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Petitioner was found guilty by a jury of violation of Title 18 U.S.C. § 2314 and was sentenced by this Court to a term of three years on March 6, 1974. Petitioner has perfected an appeal *in forma pauperis*. He moved this Court for a transcript of the trial at Government expense, and this motion was denied on April 1, 1974. His subsequent motion to the Court of Appeals for a free transcript was denied May 20, 1974, without prejudice to move for production of selected portions of the transcript.

Petitioner has now made a motion to this Court in a pro se petition styled "Motion to Dismiss Indictment, Vacate Sentence, and Discharge Petitioner." The grounds asserted are that petitioner was denied his Sixth Amendment right to a speedy trial. Petitioner made the same motion before his trial, and the motion was denied without elaboration. Clay v. United States, Civil Action No. 3-74-41 (E.D.Tenn. filed February 15, 1974).

The substance of petitioner's contention is that there was a sixteen month delay between the time petitioner committed the crime and when he was brought to trial. The facts reveal that the offense was committed on or about October 20, 1972 and petitioner was not indicted until November 7, 1973. He admits being questioned by the FBI at his home about the matter on March 10, 1973, and in October of 1973 while in state prison in Michigan on an unrelated charge. After his indictment on November 7, 1973, a Writ of Habeas Corpus Ad Prosequendum was executed in January of 1974 and petitioner was brought to this Court from Jackson Prison in Michigan to stand trial.

Petitioner's asserted denial of the right to a speedy trial has been passed on by this Court, as mentioned *supra*,

but the Court will take this opportunity to make clear why petitioner's assertions are completely lacking in merit.

Rule 48(b) of the Federal Rules of Criminal Procedure [1] authorizes dismissal of an indictment after a defendant has been held answerable to a district court. The significance of the wording of the Rule was explained in Hoopengarner v. United States, 270 F.2d 465 (6th Cir. 1959):

> "As to Rule 48(b) of the Federal Rules of Criminal Procedure, the District Court is authorized to dismiss the indictment, information, or complaint, providing there has been an unnecessary delay in presenting a charge to a grand jury or in filing an information against a defendant who has been held to answer to the District Court, or if there is unnecessary delay in bringing a defendant to trial. There was no unnecessary delay in the prosecution of defendant after he had been held to answer. As to delay from the time of the commission of the offense to the commencement of the criminal proceedings, that is controlled by the Statute of Limitations, which is not here in question." 270 F.2d at 469; See United States v. Giacalone, 477 F.2d 1273, 1275 (6th Cir. 1973).

Petitioner was indicted November 7, 1973, arraigned November 23, 1973, and tried March 6, 1974. On the face of the matter petitioner was not "held to answer" by the District Court until he was indicted and from that time forward he received a prompt and speedy trial. Moreover, petitioner's allegations fail to show that delay in bringing his case before the grand jury was the result of intentional governmental delay or that he has suffered actual prejudice as a result of the delay in returning the indictment. Therefore, there has been no violation of his right to a speedy trial or due process of law under the Constitution. United States v. Giacalone, supra, at 1277; United States v. Feinberg, 383 F.2d 60 (2nd Cir. 1967), cert. den. 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968).

Accordingly, it is ordered that petitioner's motion be, and the same hereby is, denied.

---

1. *"By Court.* If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."