**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Edward ALRED, Defendant-Appellant.**

No. 74–1972.

United States Court of Appeals, Sixth Circuit.

April 8, 1975.

Thomas J. Roberts, Middlesboro, Ky., William E. Alred, for defendant-appellant.

Eugene E. Siler, Jr., U. S. Atty., William D. Kirkland, Lexington, Ky., for plaintiff-appellee.

Before EDWARDS, PECK and ENGEL, Circuit Judges.

PECK, Circuit Judge.

Defendant-appellant was convicted at a jury trial in district court of conspiring to willfully receive, conceal, transport, and dispose of stolen explosive materials, 18 U.S.C. § 842(h) (1970),[1] and of carrying a firearm unlawfully during the commission of a felony, 18 U.S.C. § 924(c) (1970).[2]

On the instant appeal, appellant argues that the unexplained delay of fifteen (15) months between the commission of the offenses (October 18, 1972) and the indictment charging him with such offenses (January 29, 1974) deprived him of due process particularly where the only trial witness identifying appellant as being involved in the attempted theft of certain explosives identified appellant three days after the offenses (October 21, 1972) as being involved. At least, appellant argues, the district judge erred in refusing to permit defense counsel to elicit from government agents their authority to arrest without a warrant, appellant's theory being that the failure to arrest him, once he had been identified as being involved,

---

1. "It shall be unlawful for any person to receive, conceal, transport, ship, store, barter, sell, or dispose of any explosive materials knowing or having reasonable cause to believe that such explosive materials were stolen."

2. "Whoever—
   carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States. shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. . . ."

would be relevant as showing a lack of governmental belief in his guilt and, consequently, helpful in arguing to the jury that the government had failed to prove his guilt beyond a reasonable doubt.

■ Although this court originally held that statutes of limitations exclusively control the permissible length of pre-indictment delay (see, e. g., Lothridge v. United States, 441 F.2d 919, 922 (6th Cir.), cert. denied, 404 U.S. 1003, 92 S.Ct. 573, 30 L.Ed.2d 557 (1971), Hoopengarner v. United States, 270 F.2d 465, 469 (6th Cir. 1959) ), this court in United States v. Giacalone, 477 F.2d 1273, 1276–1277 (6th Cir. 1973), recognized that, given a sufficiently unexplained pre-indictment delay and sufficient prejudice stemming from such delay, a pre-indictment delay could violate due process.[3]

■ Even assuming that appellant's failure to raise the preindictment delay on a pre-trial motion or at trial[4] did not waive his claim of delay, see United States v. Russo, 442 F.2d 498, 502–503 (2d Cir. 1971), cert. denied, 404 U.S. 1023, 92 S.Ct. 669, 30 L.Ed.2d 673 (1972); United States v. Scully, 415 F.2d 680, 682 (2d Cir. 1969); Chapman v. United States, 376 F.2d 705 (2d Cir.), cert. denied, 389 U.S. 881, 88 S.Ct. 119, 19 L.Ed.2d 174 (1967), but see Barker v. Wingo, 407 U.S. 514, 524–532, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we find no deprivation of due process in the 15-month delay because appellant did not show substantial delay-caused prejudice. Giacalone, supra, 477 F.2d at 1276–1277; United States v. Davis, 487 F.2d 112, 116 (5th Cir. 1973), cert. denied, 415 U.S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878 (1974); United States v. Feldman, 425 F.2d 688, 691–692 (3rd Cir. 1970); United States v. Baker, 424 F.2d 968, 970 (4th Cir. 1970); United States v. Deloney, 389 F.2d 324, 325 (7th Cir.), cert. denied, 391 U.S. 904, 88 S.Ct. 1652, 20 L.Ed.2d 417 (1968); United States v. Feinberg, 383 F.2d 60, 65–67 (2d Cir. 1967), cert. denied, 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968). See United States v. Strauss, 452 F.2d 375, 377–378 (7th Cir. 1971), cert. denied, 405 U.S. 989, 92 S.Ct. 1252, 31 L.Ed.2d 455 (1972).

Appellant claims prejudice in that the delay prevented him from preserving "his memory and [that of] those around him on the night in question." The trial transcript, however, reveals that appellant paraded no fewer than six alibi witnesses who testified they were in appellant's residence the night he received a telephone call informing him that one Eugene Brock "had just got shot in Bell County." Appellant argued that, because Brock was shot in the attempted theft of explosives underlying the government's charges, because appellant was in his residence the evening and night the alibi witnesses first learned of the shooting of Brock, and because in the "small rural communities in Eastern Kentucky" had Brock been shot on a prior night the alibi witnesses would have had previously heard of the shooting, he could not have been involved in the attempted theft.

Although the government's case-in-chief indicated the offenses occurred on October 17, 1972, the government, in rebuttal, produced state police records indicating that the attempted break-in occurred on October 18, 1972. Unfortunately, the government discovered the

**3.** See, e. g., United States v. Marion, 404 U.S. 307, 324–326, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); Ross v. United States, 121 U.S.App. D.C. 233, 349 F.2d 210 (1965); United States v. Judice, 457 F.2d 414, 417–418 (5th Cir.), cert. denied, 409 U.S. 886, 93 S.Ct. 104, 34 L.Ed.2d 142 (1972); Wilson v. United States, 409 F.2d 184 (9th Cir.), cert. denied, 395 U.S. 983, 89 S.Ct. 2146, 23 L.Ed.2d 771 (1969).

**4.** Though defense counsel at trial attempted to argue that the government's delay in arresting appellant reflected a lack of governmental belief in appellant's guilt, counsel apparently never asserted that due process requires that the indictment be dismissed for prejudicial pre-indictment delay. On oral argument in this court, counsel asserted that he failed to raise the pre-indictment delay earlier because the lack of justification for the delay was "not readily evident;" only at trial, counsel claimed, he learned that appellant was identified as being involved three days after the commission of the offenses.

error only after the testimony of the six alibi witnesses. Even assuming that the alibi witnesses would have been able to have dated the telephone call as being October 18, 1972, had appellant been more timely indicted, we fail to see substantial prejudice to his alibi defense since the alibi witnesses recalled, in great detail, the telephone call and the events surrounding it. Three of the witnesses, in fact, were unable to recollect whether appellant received the call on October 16, 17, or 18, or even just sometime in October, 1972. Another witness originally was unable to recall the date as being October 17. Even though that witness, and two others, eventually testified, on direct or re-direct examination, that appellant received the call on October 17 such error is immaterial. The crux of their testimony, and all that the jury need believe to establish the alibi, was that appellant—at home all evening and night—received a telephone call, informed the alibi witnesses that Brock had just been shot, and they, at that time, had never heard of the Brock shooting. In essence, the telephone call, rather than the calendar, dated their testimony.

 We also reject appellant's claim, without citing authority, that the district judge erred in refusing to permit him to elicit that government agents, although having the authority to arrest on probable cause without a warrant, failed to arrest him prior to the indictment. Purportedly, such failure would reflect the agents' lack of belief in appellant's guilt and would be relevant in the jurors' determination of appellant's guilt. Hoffa v. United States, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966), established that

> "[t]here is no constitutional right to be arrested. The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect . . . . Law enforcement officers are under no constitutional duty to call a halt to criminal investigation the moment they have the minimum evi-

dence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction."

Under such circumstances, and in the absence of authority, *but see,* United States v. Sanchez, 361 F.2d 824 (2d Cir. 1966), we decline to hold that the district judge abused his discretion, United States v. Dolleris, 408 F.2d 918, 922 (6th Cir.), cert. denied, 395 U.S. 943, 89 S.Ct. 2014, 23 L.Ed.2d 461 (1969), United States v. Craft, 407 F.2d 1065, 1070 (6th Cir. 1969), in excluding such evidence. *See* People v. Garcia, 7 Ill.App.3d 742, 288 N.E.2d 637, 641 (1972) (no error in refusing to admit evidence that state previously had nolle prossed burglary charge). *See also* Alexander v. Commonwealth, 450 S.W.2d 808, 810–811 (Ky. 1970).

Affirmed.