UNITED STATES of America, Plaintiff,

v.

Allen E. MOORE and Mary Lou
Moore, Defendants.

No. CR-3-81-08.

United States District Court,
S. D. Ohio, W. D.

May 27, 1981.

Patrick J. Hanley, Cincinnati, Ohio, for plaintiff.

Charles M. Meyer, Cincinnati, Ohio, John Kennedy Lynch, Cleveland, Ohio, for defendant.

## DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION TO DISMISS INDICTMENT

RICE, District Judge.

The captioned cause came to be heard upon Motion of the Defendants, seeking an Order of the Court dismissing the indictment against them for reason that the Government unreasonably delayed in obtaining the indictment in violation of Defendants' due process and speedy trial rights under the Fifth and Sixth Amendments.

The indictment charges the Defendants (husband and wife) with failures to file timely income tax returns for the 1974 and 1975 tax years, in violation of 26 U.S.C. § 7203. The matter was presented to and returned by the grand jury in March, 1981,

approximately 5 years and 11 months after the first offense, and nearly 5 years after the second offense. The offenses charged are misdemeanors but are, nonetheless, subject to the extended 6 year statute of limitations set forth in 26 U.S.C. 6531(4), i. e., as an exception to the ordinary 3 year limitation applicable to tax offenses, otherwise provided in section 6531.

■ Defendants' contentions based upon the Sixth Amendment are without merit. The speedy trial guarantee, contained therein, is applicable only after a person has been "accused" of a crime, i. e., in this case, after indictment. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

■ However, *Marion* does recognize, as Defendants, herein, also contend, that inordinate pre-indictment delay may violate the due process clause of the Fifth Amendment, even if the indictment is obtained within the applicable period of limitations and a trial on the indictment is had with dispatch. But if "[n]o actual prejudice to the conduct of the defense is alleged or proved, and there is no showing that the Government intentionally delayed to gain some tactical advantage . . . . or to harass," then no due process violation will be found. *Id.* at 325, 92 S.Ct. at 465.

Although, at one time, it appeared that the Sixth Circuit interpreted the two-part showing in *Marion* to be disjunctive, *United States v. Giacalone*, 477 F.2d 1273, 1276–77 (6th Cir. 1973); *see United States v. Stewart*, 426 F.Supp. 58, 59 (E.D.Mich.1976); *see also, United States v. Alderman*, 423 F.Supp. 847, 852 (D.Md.1976), it is now settled in this Circuit that *Marion* is deemed to require a *conjunctive* demonstration by the defendant of actual prejudice *and* intentional, improper prosecutorial delay, before dismissal may be ordered. *United States v. Swainson*, 548 F.2d 657, 663–64 (6th Cir.), *cert. denied*, 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977); *United States v. Alred*, 513 F.2d 330, 332 (6th Cir.), *cert. denied*, 423 U.S. 828, 96 S.Ct. 47, 46 L.Ed.2d 45 (1975); *cf. United States v. Van Dyke*, 605 F.2d 220, 226 (6th Cir.), *cert. denied*, 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1979). *See also, United States v. Lovasco*, 431 U.S. 783, 789–90, 97 S.Ct. 2044, 2048–49, 52 L.Ed.2d 752 (1977). Other Circuits which similarly view *Marion's* requirements in the conjunctive recognize that a "heavy burden" falls upon the defendant who seeks dismissal for pre-indictment delay. *United States v. Elsbery*, 602 F.2d 1054, 1059 (2d Cir.), *cert. denied*, 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1979).

■ Thus, regardless of the Government's motive in delaying presentation of charges to the grand jury, the requisite prejudice resulting from the delay must be shown to be actual, specific, particularized, and nonspeculative. *United States v. Pallan*, 571 F.2d 497, 500–01 (9th Cir.), *cert. denied*, 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978); *United States v. DeLorenzo*, 416 F.Supp. 570, 574 (E.D.N.Y.1976), *aff'd sub nom. United States v. Pappadio*, 578 F.2d 1371 (2d Cir. 1978). The dimming of witness' memories or, indeed, the unavailability of a witness, due to delay, is not the kind of actual, substantial prejudice which requires pretrial dismissal. *Elsbery, supra*, at 1059; *Pallan, supra*, at 500–01; *United States v. Cosolito*, 488 F.Supp. 531, 536 (D.Mass.1980); *United States v. Serubo*, 460 F.Supp. 689, 700 (E.D.Pa.1978).

■ In the present case, Defendants' allegations of prejudice due to pre-indictment delay do not, *at this time*, establish any unique effect upon their ability to defend which is different from the allegations of prejudice rejected in the cited cases. The Court expects that in this case, as in most, the *actual* prejudicial effect of delay (if any) on the quality of the Defendants' case cannot be determined except by the course and outcome of the upcoming trial. *Marion, supra*, at 326, 92 S.Ct. at 466. *See, e. g., United States v. Harmon*, 379 F.Supp. 1349 (D.N.J.1974). *See also, United States v. Andros*, 484 F.2d 531, 533 (9th Cir. 1973).

■ Since Defendants have, at present, failed to show the kind of prejudice necessary for dismissal due to pre-indictment delay, the Court need not now determine

whether the Government's delay in obtaining the indictment was impermissibly motivated. However, in passing, the Court does note that an oppressive lapse of time between the Government's awareness of "the facts of the case" and the grand jury presentation—*if* not explained or justified in terms of reasonable investigative necessity—does bear an inference that the delay was intentionally pursued for tactical advantage. *Alderman, supra*, at 855–57; *Harmon, supra*, at 1351–52. If the Defendants are able to demonstrate prejudice due to pre-indictment delay, at the upcoming trial, then this Court must and shall carefully scrutinize the alleged cause or causes for the delay.

For the aforestated reasons, the Defendants' Motion seeking an Order of the Court dismissing the indictment is, at present, not well taken and is overruled.