**UNITED STATES of America,**
Plaintiff-Appellee,

v.

**August DeROCCO, Defendant-Appellant.**
No. 15154.

United States Court of Appeals
Sixth Circuit.

June 27, 1963.

Michael K. Hegarty, Detroit, Mich.; Joseph W. Louisell, Detroit, Mich., on brief; Michael K. Hegarty, Detroit, Mich., of counsel; for appellant.

Geraldine Ford, Asst. U. S. Atty., Detroit, Mich.; Lawrence Gubow, U. S. Atty., James Francis Finn., Asst. U. S. Atty., Detroit, Mich., on brief, for appellee.

Before MILLER and WEICK, Circuit Judges, and BROOKS, District Judge.

### PER CURIAM.

On May 7, 1962, in the District Court, the jury returned a verdict of guilty against the defendant, a truck driver, who had been indicted for converting property transported in interstate commerce in violation of Title 18 U.S.C. § 659.

The judgment of conviction was entered on June 27, 1962 and defendant was then sentenced to eighteen months imprisonment. On July 3, 1962, he filed a motion for a new trial which the court denied on July 9th. The motion for a new trial was not based on newly discovered evidence. Defendant filed a notice of appeal on July 9th.

█ The Government filed a motion to dismiss the appeal on the ground that it was not filed within ten days from the entry of the judgment of conviction as required by Rule 37(a) (2) of the Federal Rules of Criminal Procedure.[1] We reserved ruling on the motion to dismiss until the hearing of the case on the merits. At the hearing, counsel for the Government indicated that the motion to dismiss would not be pressed and we heard the case on the merits, but this did not relieve us of the duty to consider and pass upon the motion since it was jurisdictional.

The notice of appeal was not filed until twelve days after the entry of the judgment of conviction which was too late unless the time for filing it was extended by the motion for a new trial filed on July 3, 1962. Appellant contends that the time was extended because his motion for a new trial was filed within the ten-day period provided by Rule 37(a) (2).

█ It was the position of the Government that Rule 33 controlled, which required the motion for a new trial to be filed within five days after "verdict or finding of guilty." The motion for a new trial in the present case was not filed within five days after either the verdict or the judgment of conviction. Where the trial is by jury, the time for filing the motion for a new trial is computed from the date the verdict of the jury is returned.

Appellant relied on Lujan v. United States, 204 F.2d 171 (CA 10) and Smith v. United States, 273 F.2d 462 (CA 10). These cases are in conflict with the decisions in United States v. Bertone, 249 F.2d 156 (CA 3); Lott v. United States, 280 F.2d 24 (CA 5) and Marion v. United States, 171 F.2d 185 (CA 9) relied on by the Government. Lott was reversed by the Supreme Court without reaching the precise point here involved. Lott v. United States, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940. The Supreme Court, however, recognized "the obscurity, if not inconsistency" in Rules 33 and 37(a) (2) and suggested clarification by the rule-making process. Id., 367 U.S. 425, 81 S.Ct. 1566.

---

1. "(2) Time for Taking Appeal. An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion. * * * "

Rule 37(a) (2) provided that the time for appeal can only be extended "if a motion for a new trial * * * has been made within the 10-day period." We think this can only refer to a motion for a new trial authorized under Rule 33 which must be filed within five days after the verdict of the jury. We are in accord with the views expressed in Bertone, Lott and Marion.

In our judgment, the appeal was not timely.

Since we heard the case on the merits we will express our views briefly.

The principal errors relied upon here for reversal were alleged omissions in the court's instructions to the jury. Specifically, it was claimed that in instructing the jury on the issue of entrapment the court did not tell the jury that the burden of proof was on the Government to prove that there was no entrapment. It was claimed further that the court should have instructed the jury that before the Government may use decoys to entrap an individual suspect it must have reasonable grounds to believe that the suspect had recently been engaged in similar acts of misconduct.

The record showed no objection to the court's instructions. No request was made for additional instructions. Under Rule 30, Federal Rules of Criminal Procedure, we are not required to review these alleged errors which were not brought to the attention of the trial judge.

The District Judge did properly instruct the jury on the subject of burden of proof in a criminal case. We think his instruction on entrapment was correct.

We do not regard this as a close case. Defendant was not contacted by anybody to induce him to steal. The most that can be said is that property was conveniently left in a position where he could easily take it. He was a truck driver entrusted with the delivery of goods. The defense of entrapment was weak. The jury apparently was not impressed with it.

The appeal is dismissed.