**Joe Robert COLLIER, Defendant-Petitioner,**

v.

**UNITED STATES of America, Plaintiff-Respondent.**

No. 16599.

United States Court of Appeals Sixth Circuit.

June 16, 1965.

Reversed April 19, 1966.
See 86 S.Ct. 1253.

Guy C. Shearer, Louisville, Ky., for defendant-appellant.

Ernest W. Rivers, U. S. Atty., Louisville, Ky., for plaintiff-appellee.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

ORDER DENYING PETITION FOR WRIT OF MANDAMUS AND DISMISSING APPEAL.

Petitioner has filed a petition for writ of mandamus against the Judge of the United States District Court for the Western District of Kentucky at Louisville, which in effect is an application for bail pending appeal. Respondent has moved that the appeal be dismissed because the notice of appeal was not filed until some nineteen days after the judgment of conviction.

The order of the district court, entered April 15, 1965, summarizes the pertinent facts as follows:

"On March 24, 1965, the defendant, Joe R. Collier, was convicted by a jury of violation of the White Slave Act, Title 18, U.S.C. Section 2421, and a sentence of one year and one day was imposed, with the defendant to serve five (5) months and being placed on probation for the balance of the sentence. A motion for a new trial was filed on April 2, 1965, and a motion in arrest of judgment was filed on April 9, 1965. A notice of appeal with a motion for bail pending appeal was filed on April 12, 1965.

"As provided by Rule 37(2) Federal Rules of Criminal Procedure, an appeal must be taken within ten (10) days of entry of judgment of conviction, unless a motion for new trial or a motion in arrest of judgment has been made within the ten (10) day period, in which event the appeal may be taken within ten (10) days after the denial of such motion.

"In this case, neither the motion for a new trial was timely, see Rule 33 Federal Rules of Criminal Procedure, nor was the motion in arrest of judgment timely, see Rule 34 Federal Rules of Criminal Procedure. The filing of a motion for a new trial and motion in arrest of judgment within the time prescribed by the Rules is mandatory and jurisdictional."

Under the holdings of this court and Rules 33, 34 and 37(2) of the Federal Rules of Criminal Procedure, the appeal was not timely. United States v. DeRocco, 320 F.2d 58 (C.A.6).

It is ordered that the petition for writ of mandamus be and hereby is overruled, the motion to dismiss the appeal is sustained and the appeal is dismissed.