**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald McConkey HARRIS, Defendant-Appellant.**

**No. 18890.**

United States Court of Appeals
Sixth Circuit.

May 28, 1969.

---

472

Paul W. Sorrick, Jr., court-appointed, Chattanooga, Tenn., for appellant.

Edward Wilson, Chattanooga, Tenn., for appellee, J. H. Reddy, U. S. Atty., Robert A. Scott, Asst. U. S. Atty., Chattanooga, Tenn., on brief.

Before WEICK, Chief Judge, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

Appellant was convicted by a jury of transporting firearms in interstate commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of the Federal Firearms Act, 15 U.S.C. § 902(e) (1961).[1] The questions presented on appeal are whether appellant was denied a speedy trial, whether testimony concerning certain statements made by appellant to his parole officer about his prior convictions was received by the District Court in violation of appellant's privilege against self-incrimination, and whether there was sufficient evidence to permit the jury to find that appellant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

1. This Section was repealed by Pub.L. 90-351, Title IV, § 906, 82 Stat. 234. on June 19, 1968, effective 180 days from that date.

Appellant was arrested on a fugitive warrant by the F.B.I. in Chattanooga, Tennessee on January 19, 1967, and confined in the Hamilton County Jail pending extradition to Georgia. In the course of a search made incident to this arrest, a pistol and a receipt indicating that appellant had purchased a pistol in Rossville, Georgia were seized. Although the pistol seized was not the pistol referred to in the receipt, an investigation into a possible violation of the Firearms Act was commenced. This investigation was completed in September, 1967 and the United States Attorney presented his case to the grand jury in October, 1967. An indictment was returned on November 1, 1967.

When the indictment was returned, appellant was still being detained in the Hamilton County Jail. A federal warrant for his arrest was lodged with the Hamilton County Sheriff as a detainer, but no further effort was made at that time to execute the warrant or to proceed with the federal prosecution.[2] Through an oversight, the Georgia authorities were not notified of the detainer when appellant eventually waived extradition and was taken to that state where, in March, 1968, he was released on bail on the state charge.

Appellant submitted himself to federal authorities on April 8, 1968, after learning that he was being sought, and was placed under arrest. At his arraignment he pled not guilty and the case was set for trial May 29. On May 23, at appellant's request, the case was reset for trial June 21. On that date appellant was tried and found guilty on both counts of the indictment.

▮ We agree with the District Court that the foregoing facts do not support appellant's contention that he was denied a speedy trial in violation of his rights under the Sixth Amendment. The District Court found that there had been no showing of a purposeful or oppressive delay on the part of the government or of resulting prejudice to appellant. The indictment was returned ten months after the offenses were alleged to have been committed because of the duration of the F.B.I.'s investigation and the grand jury's schedule. Delay during the period prior to the filing of a formal complaint is controlled by the Statute of Limitations, not by the guarantees of the Sixth Amendment.[3] Hoopengarner v. United States, 270 F.2d 465 (6th Cir. 1959); Nickens v. United States, 116 U.S.App. D.C. 338, 323 F.2d 808 (1963), cert. denied, 379 U.S. 905, 85 S.Ct. 198, 13 L.Ed. 2d 178 (1964); United States v. Panczko, 367 F.2d 737 (7th Cir. 1966), cert. denied, 385 U.S. 1009, 87 S.Ct. 716, 17 L.Ed.2d 546 (1967), reh. denied, 385 U.S. 1043, 87 S.Ct. 771, 17 L.Ed.2d 688 (1967); but see Schlinsky v. United States, 379 F.2d 735 (1st Cir. 1967), cert. denied, 389 U.S. 920, 88 S.Ct. 236, 19 L.Ed.2d 265 (1967). As the Supreme Court stated under slightly different circumstances in Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), reh. denied, 386 U.S. 940, 87 S.Ct. 970, 17 L.Ed.2d 880 (1967):

The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long. Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a

---

2. While appellant was being held in the Hamilton County Jail, he read in newspapers that a federal indictment had been returned against him. He contends, and the District Judge apparently believed, that at this time appellant wrote a letter to him demanding a prompt trial.

3. Appellant has made no contention that the indictment in this case was not returned within the appropriate statutory period.

criminal conviction. 385 U.S. at 310, 87 S.Ct. at 417.

■ Appellant was arrested five months after the indictment was returned. During most of this period he was in the custody of state authorities. We agree with the District Court that under the circumstances a delay of this length was not unreasonable. United States v. Banks, 370 F.2d 141 (4th Cir. 1966), cert. denied, 386 U.S. 997, 87 S.Ct. 1317, 18 L.Ed.2d 345 (1967); United States v. Santos, 372 F.2d 177 (2d Cir. 1967). Appellant was tried within three months after his arrest and would have been tried sooner if he had not requested a continuance. We find no violation of the Sixth Amendment.

■ The second question presented requires an understanding of the circumstances under which the testimony of appellant's parole officer regarding a statement made to him was received in evidence by the District Court. The parties stipulated before trial that the records of the Superior Court of Fulton County, Georgia, showed that one Donald M. Harris had been convicted of a crime punishable by imprisonment for a term exceeding one year and, apparently, a certified copy of this conviction was submitted to the court. At the close of the Government's case, appellant moved for acquittal on the ground that the Government had failed to prove that he was the person referred to in these records. After being allowed to reopen its case, the Government called as a witness Mr. Jerry Perry. Perry testified that he was appellant's parole officer and that appellant had admitted to him that he was the man who had been convicted of the offense referred to in the records.

Appellant made only a general objection to this testimony and it was overruled by the District Court. He now contends that regardless of when, or for what purpose, he made the statement to Perry, it was error to receive testimony concerning that statement without a showing that it had been preceded by the warnings set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). It is clear, however, that the general objection was insufficient to preserve this question for review. United States v. Sessin, 84 F.2d 667 (10th Cir. 1936); 53 Am.Jur., Trial § 137 (1944); C. McCormick, Evidence § 52 (1954).

Despite this rule, we could take cognizance of the question if the reception of this testimony constituted plain error under Rule 52(b), Fed.R.Crim.P. We conclude, however, that it did not. Although appellant took the stand in his own defense, he did not deny having made the statement to Perry. Moreover, he made no assertion, either before the trial court or on appeal, that he made the statement in response to purposeful interrogation conducted while his liberty was restrained in any significant way. In fact, there is nothing in the record which even suggests that he made the statement to Perry after his arrest on January 19, 1967, and before that date, no investigation of the federal charges on which he was convicted had commenced. We hold that under these circumstances the statement was not the product of the "custodial interrogation" proscribed by Miranda. 384 U.S. at 444, 86 S.Ct. 1602. The mere fact that it was made in response to the question of a parole officer does not, without more, render its admission plain error.

■ Finally, we determine, after a review of the record, that there was sufficient evidence from which the jury could have found that appellant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

The judgment of the District Court is affirmed.