**Clarence LOTHRIDGE and Zorina Barnett, Petitioners-Appellants,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 20647.

United States Court of Appeals, Sixth Circuit.

April 29, 1971.

Clarence Lothridge and Zornia Barnett, in pro. per.

Ralph B. Guy, Jr., U. S. Atty., J. Kenneth Lowrie, Asst. U. S. Atty., Detroit, Mich., on brief for respondent-appellee.

Before CELEBREZZE and MILLER, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

WILLIAM E. MILLER, Circuit Judge.

Clarence Lothridge, defendant-appellant, appeals from the dismissal of a motion to vacate sentence and judgment, pursuant to 28 U.S.C. § 2255.[1] In January, 1965, appellant sold narcotics to a government agent. Appellant was arrested for that offense in June, 1965, and indicted in November, 1965, for the violation of 26 U.S.C. § 4705(a) and 21

1. Although the motion to vacate judgment filed with the court below listed both Clarence Lothridge and Zorina Barnett as the petitioners, it was signed only by Clarence Lothridge, acting "per se." We assume that for this reason the District Judge treated the petition as if Lothridge were the sole petitioner. We follow that procedure in the case at bar.

U.S.C. § 174. On July 22, 1966, he was convicted of these offenses and sentenced to two consecutive five year terms. This court affirmed the conviction. United States v. Lothridge, 402 F.2d 454 (6th Cir. 1967), cert. denied, 393 U.S. 843, 89 S.Ct. 124, 21 L.Ed.2d 113 (1968).

On a collateral motion under 28 U.S.C. § 2255 appellant challenges the conviction on three grounds. Finding no merit in any of these claims, the United States District Court for the Eastern District of Michigan, Southern Division, dismissed the motion. Appeal is from that dismissal.

Appellant first contends that certain jury instructions violated his Fifth and Sixth Amendment rights in penalizing him for not testifying and in changing a permissive presumption into a mandatory one. The challenged instructions, dealing only with the violation of 21 U.S.C. § 174, pertain to the statutory inference that possession of some drugs creates a presumption that the possessor knew that the drugs were unlawfully imported.[2]

The challenged jury instructions are as follows:

Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.

Therefore, if you believe from the evidence in this case and beyond a reasonable doubt that a defendant here had possession of the narcotic

drugs as charged in the indictment, you are authorized to find him or her guilty of the offense charged in such count, unless he or she has explained such possession to your satisfaction.

In other words, it is not necessary for the Government to prove, with respect to the charges contained in Counts 2 and 4, that the drugs were unlawfully imported, or that the defendant knew them to be unlawfully imported, for possession by a defendant of such a narcotic drug places a burden upon such defendant to prove to your satisfaction that such drugs were not unlawfully imported, and that he or she did not believe them to be unlawfully imported. The law presumes that such drugs were imported illegally, and the burden of rebutting that presumption is on the defendant, as well as the burden of explaining his or her possession so as to relieve himself or herself of knowledge as to importation.

Appellant reads these instructions as requiring the defendant *personally* to explain his possession of the drugs. If, as here, the defendant exercises his Fifth Amendment rights and does not testify, appellant contends that the jury charge in effect instructs the jury to find that the possession was insufficiently explained. Accordingly, he maintains that the jury charge effectively deprived the jury of its fact-finding function.

◼ Considering the instructions as a whole, we do not agree with appellant's position. The jury charge also contained the following language:

Now, in this case neither of the defendants took the stand to testify in

2. The statutory presumption reads: "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." 21 U.S.C. § 174. The constitutionality of this presumption was recently upheld, Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1969). *Turner*, however, is not controlling on the question presented in the instant action because here we are concerned with the wording by which the presumption is presented to the jury. In *Turner* the issue was whether the presumption itself was constitutional, irrespective of the mode in which it was expressed to the jury.

his or her own behalf; and with respect to that matter I charge you that the failure of a defendant to take the witness stand and testify in his or her own behalf does not create any presumption whatever against such defendant, and I further charge you that you must not permit that fact to weigh in the slightest degree against the defendants.

In this part of the instructions the trial judge clearly informed the jury that no presumption "whatever" was to arise from the appellant's failure to testify. Therefore, the jury would only arrive at the conclusion appellant asserts by ignoring the trial judge's express instructions. We must presume the contrary.

We also find no merit in appellant's claim that the trial court committed reversible error in not instructing the jury on entrapment. The record reflects that the judge's failure to charge on this defense derived from his opinion that there was no evidence to support it. Hence, no issue of constitutional dimensions being presented, the issue of entrapment cannot be raised on collateral attack under § 2255. Evans v. United States, 408 F.2d 369 (7th Cir. 1969); Benthiem v. United States, 403 F.2d 1009 (1st Cir. 1968), cert. denied, 396 U.S. 945, 90 S.Ct. 384, 24 L.Ed.2d 247 (1969); Anderson v. United States, 338 F.2d 618 (9th Cir. 1964); Moore v. United States, 334 F.2d 25 (5th Cir. 1964); Way v. United States, 276 F.2d 912 (10th Cir. 1960); Turner v. United States, 262 F.2d 643 (8th Cir. 1959).

Finally, appellant argues that his right to a speedy trial, guaranteed by the Sixth Amendment, was violated by the passage of ten months between the alleged crime for which he was convicted and the return of an indictment charging him with that crime.[3]

Although appellant relies on Ross v. United States, 121 U.S.App.D.C.

233, 349 F.2d 210 (1965), and Woody v. United States, 125 U.S.App.D.C. 192, 370 F.2d 214 (1966), these cases are not controlling in this Circuit. Rather, the view of this Circuit is enunciated in United States v. Harris, 412 F.2d 471 (6th Cir. 1969). In that case this Court held that delay during the period prior to the filing of a formal complaint is controlled by the statute of limitations, not by the guarantees of the Sixth Amendment. *Id.* at 473. Hoopengarner v. United States, 270 F.2d 465 (6th Cir. 1959). There is no claim that the applicable statute of limitations had elapsed.

Affirmed.

---

3. The crime occurred on January 20, 1965. Appellant was arrested on June 28, 1965, pursuant to a complaint issued on June 24, 1965. He was indicted on November 16, 1965, and convicted on July 22, 1966.