**UNITED STATES of America,
Plaintiff,**

v.

**Earl William MILLS, Defendant.
UNITED STATES of America,
Plaintiff,**

v.

**Wiley JOHNSON, Defendant.
UNITED STATES of America,
Plaintiff,**

v.

**Earl William MILLS et al., Defendants.
Crim. A. Nos. 9165, 9168 and 9169.**

United States District Court,
W. D. Tennessee, E. D.

Feb. 29, 1972.

Larry Parrish, Asst. U. S. Atty., for plaintiff.

Hughie Ragan, Jackson, Tenn., for Earl William Mills and Wiley Johnson, defendants.

MEMORANDUM OPINION
AND ORDER

NEESE, District Judge (Sitting by Designation).

The jury returned on September 12, 1970 verdicts of guilty on several counts of these indictments against the defendants Mr. Mills and Mr. Johnson in these actions, which were consolidated for purposes of trial, and was discharged. Twelve days afterward, on September 24, 1970, the motion of these defendants for entry of their respective judgments of acquittal or, in the alternative, for a new trial, was filed.

---

Rules 29(c), 33, Federal Rules of Criminal Procedure, "* * * prescribed precise times within which the power of the courts * * *" to consider such motions "* * * must be confined * * *", United States v. Robinson (1960), 361 U.S. 220, 225–226, 80 S.Ct. 282, 286, 4 L.Ed.2d 259, 263; and their filing untimely deprived this Court of jurisdiction to consider them. Rowlette v. United States, C.A.10th (1968), 392 F.2d 437, 439[2]. The time for filing these motions is computed from September 12, 1970, the date the verdict of the jury was returned. United States v. DeRocco, C.A.6th (1963), 320 F.2d 58, 59[2]. The motions for judgments of acquittal could only have been made "* * * within 7 days after the jury [was] discharged * * *", Rule 29(c), *supra*, and under the circumstances presented here, the motions for a new trial could only be "* * * made within 7 days after verdict * * *", Rule 33, *supra*.

Each of said motions, therefore, hereby is

Denied.