**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Earl William MILLS et al., Defendants-Appellants.**

**Nos. 71–1038 to 71–1040.**

United States Court of Appeals, Sixth Circuit.

Feb. 16, 1972.

Certiorari Denied May 30, 1972.

See 92 S.Ct. 2070.

---

Hughie Ragan, Jackson, Tenn. (Court appointed), for appellants.

Larry E. Parrish, Asst. U. S. Atty., Memphis, Tenn., for appellee; Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., on brief.

Before EDWARDS, MILLER and KENT, Circuit Judges.

PER CURIAM.

These appeals are sequels to perjury and conspiracy to commit perjury trials in the United States District Court for the Western District of Tennessee, in Jackson, Tennessee. The perjury charges on which these defendants were convicted resulted from their testimony seeking to exculpate themselves and others in a previous bootlegging trial in which these defendants, among others, were convicted.

The proofs as to perjury and as to conspiracy on the part of Johnson and Mills to commit perjury were overwhelming. It would unduly burden legal publication to detail them. But we entertain no doubt that the United States carried its "unique and stringent burden of proof" in these cases. Spaeth v. United States, 232 F.2d 776, 777 (6th Cir. 1956).

Aside from this, the principal appellate issues, as we understand them, are: 1) the denial by the trial judge of appellants' motions for severance, 2) the claim that inconsistency in the jury verdicts served to invalidate these convictions, and 3) the claim that the District Judge failed to follow the Jencks Act, 18 U.S.C. § 3500 (1970).

In these cases a conspiracy to commit perjury was charged against three defendants, two of whom were also charged with substantive offenses of perjury which were the overt acts alleged in the conspiracy charge. All three of the indictments, which were consolidated for trial, arose out of the same series of events. We find no abuse of judicial discretion in the District Judge's denial of the motions for severance. United States v. Hensley, 374 F.2d 341 (6th Cir.), cert. denied, 388 U.S. 923, 87 S.Ct. 2139, 18 L.Ed.2d 1373 (1967).

Inconsistency is alleged as to the jury's verdict of not guilty as to Foster (a codefendant in the conspiracy indictment) when it found Johnson and Mills guilty. A reading of this transcript, however, fails to convince us that the verdicts were necessarily inconsistent. More important, however, is the fact that inconsistency in jury verdict does not serve to invalidate guilty verdicts in federal criminal cases. United States v. Bevins, 430 F.2d 601 (6th Cir. 1970), and cases cited therein.

Additionally, we note that a review of this transcript shows that the District Judge adhered to the mandates of the Jencks Act, *supra*, when properly requested to do so. *See* United States v. Johnson, 414 F.2d 22 (6th Cir. 1969).

Finding no reversible error, we affirm the judgments of conviction.