UNITED STATES of America, Plaintiff,

v.

Marvin Kale FERGUSON et al., Defendants.

No. CR–2–77–13.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Memoranda Opinions and Orders June 3, 1977.

On Motion for Acquittal Sept. 19, 1977.

On Motion to Appeal in Forma Pauperis Sept. 28, 1977.

On Motion to Release from Probation Oct. 26, 1977.

Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

W. Stanley Yarbro, Johnson City, Tenn., and B. C. McInturff, Kingsport, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

The defendants Messrs. Ferguson and Mabe moved separately for a dismissal of the indictment herein as the same pertains to each such defendant, on the ground that the delay in the return thereof by a grand

jury violated their right to due process of law, Constitution, Fifth Amendment. Rule 12(b)(1), Federal Rules of Criminal Procedure. Such motions lack merit.

Such 6-count indictment was returned by a grand jury of this district on April 19, 1977, charging that the respective offenses occurred on dates, some certain and some approximate, between April 18, 1975 and October 13, 1976. Five of those counts allege that a particular offense was committed between such former date and June 7, 1975. Thus, a maximum period of approximately 24 months elapsed between the alleged commission of the earliest offense and the time the indictment herein was returned.

■ Of course, it is well settled that the speedy trial provisions of the Constitution, Sixth Amendment, have no application prior to the actual arrest or indictment of a defendant. *Dillingham v. United States* (1975), 423 U.S. 64, 64–65, 96 S.Ct. 303, 46 L.Ed.2d 205, 207[3]; *United States v. Marion* (1971), 404 U.S. 307, 319, 92 S.Ct. 455, 30 L.Ed.2d 468, 478[5]; *United States v. Martin*, C.A. 6th (1976), 543 F.2d 577, 579[2]; *Lothridge v. United States*, C.A. 6th (1971), 441 F.2d 919, 922[3]; *United States v. Harris*, C.A. 6th (1969), 412 F.2d 471, 473[1]; *Hoopengarner v. United States*, C.A. 6th (1959), 270 F.2d 465, 469[2]; *Parker v. United States*, C.A. 6th (1958), 252 F.2d 680, 681[3], cert. den. (1958), 356 U.S. 964, 78 S.Ct. 1003, 2 L.Ed.2d 1071. Nonetheless, " * * * [i]f a defendant can show actual substantial prejudice to his right to a fair trial *and* [emphasis supplied] that the delay was deliberately created to gain an unfair tactical advantage for the government, he is entitled to dismissal [of the indictment] for violation of the Fifth Amendment due process rights. * * * " *United States v. Swainson*, C.A. 6th (1977), 548 F.2d 657, 663[14], cert. den. (1977), 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255, citing: *United States v. Marion, supra*, 404 U.S. at 324, 92 S.Ct. 455, 30 L.Ed.2d at 481; *United States v. Alred*, C.A. 6th (1975), 513 F.2d 330, cert. den. (1975), 423 U.S. 828, 96 S.Ct. 47, 46 L.Ed.2d 45; *United States v. Giacalone*,

C.A. 6th (1973), 477 F.2d 1273. *Accord: United States v. Largent*, C.A. 6th (1976), 545 F.2d 1039, 1042[2], cert. den. (1977), 429 U.S. 1098, 97 S.Ct. 1117, 51 L.Ed.2d 546.

■ Although Messrs. Ferguson and Mabe, each, submitted his respective affidavit stating essentially that, due to the aforementioned pre-indictment delay, certain difficulties have arisen in connection with the preparation of their respective defenses to the charges herein, each " * * * has failed to show that any delay in presenting this case to the grand jury was intentional and designed to gain a tactical advantage. * * * " *United States v. Swainson, supra*, 548 F.2d at 664[15]. Nor has either immediately aforenamed defendant demonstrated " * * * actual substantial prejudice to his right to a fair trial * * * ." *Ibid.*, 548 F.2d at 663[14]. Rather, the contentions of Messrs. Ferguson and Mabe are more akin to " * * * the real possibility of prejudice inherent to any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost * * *, however, these possibilities are not in themselves enough to demonstrate that [the defendants] cannot receive a fair trial and to therefore justify the dismissal of the indictment. * * * " *United States v. Marion, supra*, 404 U.S. at 326, 92 S.Ct. at 466, 30 L.Ed.2d at 482[18, 19]. " * * * Events of the trial may demonstrate actual prejudice, but at the present time [the defendants'] due process claims are speculative and premature." *Idem.*

Accordingly, the aforementioned motions for a dismissal of the indictment hereby are DENIED.

Messrs. Ferguson and Mabe further moved the Court jointly to direct the plaintiff to file a bill of particulars herein. Rule 7(f), Federal Rules of Criminal Procedure. Such defendants seek in essence the following particulars of the indictment:

(1) the location and date of each act charged in each count of the indictment;

(2) the names and addresses of any person(s) who were present at the time and

place of the alleged commission of the offenses charged in counts II through VI, inclusive; and,

(3) the words and conduct of each defendant which the plaintiff claims " * * * constitute[d] overt acts of the [d]efendants in furtherance of the [respective offenses charged] * * * " in each count of the indictment.

■ " * * * The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes. * * * " United States v. Birmley, C.A. 6th (1976), 529 F.2d 103, 108[12]. The test, in adjudicating such a motion, is whether it is necessary that a defendant have such particulars sought in order to prepare his defense and in order that prejudicial surprise will be avoided. United States v. Addonizio, C.A. 3d (1971), 451 F.2d 49, 63–64[16], cert. den. (1972), 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812; King v. United States, C.A. 8th (1968), 402 F.2d 289, 292[7]; United States v. Ahmad, D.C.Pa. (1971), 53 F.R.D. 194, 199[1–3]. A defendant should be given enough information about the offense charged so that he may, by the use of diligence, prepare adequately for the trial. 1 Wright, Federal Practice and Procedure: Criminal 283–284, § 129.

■ It appears to the Court from the indictment herein, from the affidavits submitted, from the nature of the charges against the defendants, from the delay between the alleged dates of the offenses and the return of the indictment and the subsequently assigned trial, and from the record as a whole, that some particulars of the indictment are necessary in order that Messrs. Ferguson and Mabe may prepare their respective defenses to the charges herein so as to avoid prejudicial surprise. Accordingly, the Court, in its discretion, Turner v. United States, C.A. 6th (1970),

426 F.2d 480, 483[3, 4], cert. den. (1970), 402 U.S. 982, 91 S.Ct. 1646, 29 L.Ed.2d 148, hereby DIRECTS the plaintiff to file herein within 5 days herefrom a bill of particulars including therein the following:

(1) as to each count of the indictment, the specific location, or locations, where the respective offense is alleged to have occurred; and

(2) as to counts I and VI, and only as to such counts, the specific date on which the respective offense is alleged to have occurred.

In all other respects, the aforementioned respective motions hereby are OVERRULED.

■ The Court agonized over the proper exercise of its discretion as to the defendants' application for particulars of the other person(s) present when the acts charged in counts I–VI, inclusive, are alleged to have occurred. The Supreme Court has recognized that it is not uncommon for the government to be required to disclose the names of some potential witnesses in a bill of particulars where that information is necessary for a defendant's preparation of his defense. Will v. United States (1967), 389 U.S. 90, 99, 88 S.Ct. 269, 19 L.Ed.2d 305, 312[9, 10]. At the same time, this Court for years has not required the prosecution to produce pretrial the identities of its witnesses. Cf. ergo, United States of America, plaintiff, v. Roger Lee Hagy, Et Al., defendants, criminal action no. 7240, this district and division, memorandum opinion and order of May 10, 1972.

Guidance for disposition of this matter may be found both ways in the reported decisions. The more recent cases consulted, however, appear to deny an application for particulars of this nature. Cf. United States v. Cummings, D.C.N.Y. (1969), 49 F.R.D. 160, 161[5]; United States v. Rimanich, C.A. 7th (1970), 422 F.2d 817, 818[2]; United States v. Smaldone, C.A. 10th (1973), 484 F.2d 311, 320[13], cert. den. (1974), 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469.

In each of the counts involved, the person(s) to whom the charged defendant is

alleged to have communicated an intercepted wire communication is particularized in the indictment. The charged defendant knows now whether he did, or did not, do the act(s) charged. If such defendant committed such offense, he will know all persons present during its commission; if such defendant did not commit such offense, credibility of the witness(es) so testifying becomes an issue. It could assist either defendant but little in preparing his defense with such advance information if persons, other than the named communicee(s), testify that he committed the charged offense in the presence of an unnamed witness or witnesses. Therefore, the Court determined that the requested particulars are unnecessary to the defendants' preparation of their defenses herein.

■ The defendants also filed herein a joint motion to dismiss the indictment " * * * on the ground that the same fails to allege facts that constitute a criminal offense against the United States of America. * * * " No brief with authorities was submitted with such written motion,* local Rule 12(a), nor did such movants specify in what manner they contend that the indictment fails to allege facts constituting a criminal offense against the national sovereign. Unless the defendants submit such a brief with authorities in compliance with the aforementioned local rule within 5 days herefrom, such motion will be deemed to have been WAIVED. Local Rule 11(f).

## ON MOTION FOR ACQUITTAL

■ More than 7 days after the jury was discharged herein, with no further time therefor having been fixed by the Court during that 7-day period, the defendant Mr. Ferguson moved the Court to enter a judgment of his acquittal on counts 2 and 4 of the indictment herein. Rules 29(a), (c), Federal Rules of Criminal Procedure. The untimeliness of such motion deprived the Court of jurisdiction to consider it. *United States v. Mills*, D.C.Tenn. (1972), 54 F.R.D.

497, 498[1], affirmed C.A. 6th (1972), 456 F.2d 1111, cert. den. (1972), 406 U.S. 960, 92 S.Ct. 2070, 32 L.Ed.2d 347.

Accordingly, such motion hereby is DENIED without having been considered by the Court.

## ON MOTION TO APPEAL IN FORMA PAUPERIS

■ The defendant-appellant Mr. Marvin Kale Ferguson, desiring to proceed herein on appeal in forma pauperis filed in this Court a motion for leave so to proceed. Rule 24(a), Federal Rules of Appellate Procedure. He filed also an affidavit purportedly showing his inability to pay fees and costs or to give security therefor and his belief that he is entitled to redress, *idem.*; however, he made no " * * * statement of the issues which he intends to present on appeal. * * * " *Idem.* Furthermore, such affidavit reflects that Mr. Ferguson has a monthly income of $3,468 and owns an 82-acre farm and home which he values at $125,000 and on which he makes mortgage payments of only $440 per month.

Because of such defendant-appellant's failure to state the issues he intends to present on his appeal herein and his obvious solvency, his application for leave to proceed on appeal herein in forma pauperis hereby is

DENIED.

The clerk of this Court will serve forthwith notice of this action. *Idem.*

## ON MOTION FOR RELEASE FROM PROBATION

■ The defendant-appellant Mr. Marvin Kale Ferguson applied for release from the stayed order and probationary requirements of the judgment of his conviction herein of September 17, 1977 pending his appeal from such judgment. Rule 9(b), Federal Rules of Appellate Procedure. With the imposition of conditions of release, such application will be granted.

---

* The briefs submitted by the defendants dealt only with their claim that the indictment should be dismissed for pre-indictment delay.

The defendant-appellant has been found guilty by a jury of two serious violations of federal law. More severe penalties would have been imposed as a result, except for the fact that the criminal activity of the defendant-appellant was confined to conduct emanating from an infuriating domestic situation in which he was involved. This conduct demonstrates a propensity in Mr. Ferguson of acting precipitately when he feels himself "mistreated" under the circumstances. For such reasons, it hereby is

ORDERED that the stay of the fine stayed in this Court's judgment and probation order of such aforementioned date is stayed further, and the defendant-appellant hereby is released from the further conditions of probation therein, pending the final determination of the pending appeal herein and any further judicial review thereof which may. be ordered, *provided* :

1. that he execute a bond binding himself to pay to the United States the sum of five thousand dollars ($5,000) in the event he fails to appear as required, and

2. that he report in person to a probation officer of this district forthwith and at the end of each succeeding 14 days thereafter until the conclusion of all judicial review herein.

The Court is satisfied that the defendant-appellant will pose no danger to any person or to the community or surrounding area while released and, with the imposition of the above conditions, that he will *not* flee. Rules 9(b), (c), Federal Rules of Appellate Procedure.