**Billy Ray MORRIS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee,
Nashville.

May 14, 1980.

Permission to Appeal Denied by Supreme
Court Oct. 6, 1980.

Dale M. Quillen, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, Lawrence R. Whitley, Gallatin, for appellee.

## OPINION

O'BRIEN, Judge.

Defendant was convicted for solicitation of a felony with his punishment fixed at not less than two (2) years nor more than five (5) years in the penitentiary.

On this appeal defendant says the indictment against him refers to an ambiguous statute and fails to give adequate notice of the offense.

Defendant was charged under the provisions of T.C.A. § 39–115 with soliciting another to commit aggravated assault upon a third individual. Aggravated assault is defined in T.C.A. § 39–601. Defendant's complaint is that T.C.A. § 39–601 includes four different fact situations and is, therefore, ambiguous.

While it was undoubtedly possible to set out the nature of the assaults which defendant was charged with soliciting it was certainly not necessary, nor required, to provide him with notice of the offense. The true test is not whether an indictment

could be more definite and certain, but whether it contains the elements of the offense to be charged and sufficiently apprises a defendant of what he must be prepared to meet, and whether the record shows accurately to what extent he may plead former acquittal or conviction in case any other proceedings are taken against him for the offense. See *State v. Overton*, 245 S.W.2d 188, 193 Tenn. 171 (1951). The indictment in this case meets those requirements and the assignment is overruled.

It is said that a proper foundation was not laid for the admission of a tape recording as evidence.

Defendant specifically complains that before a tape recording can be admitted into evidence a recording device must be shown to be capable of recording the testimony, the operator must be shown to be competent to operate the device, the recording must be sworn to as authentic, and it must be shown that the tape has been properly preserved and there have been no changes, additions, or deletions. In addition the speakers on the tape must be identified.

█ The tapes were properly admitted into evidence. Neither case law nor statute pose any such requirements under the circumstances of this case. They were tape recordings made of conversations of defendant with two witnesses, who testified, while he was in the process of soliciting them to commit an assault on a man named Wayne Justice. These witnesses testified at length, and were cross-examined, relative to the facts and circumstances surrounding the recording of the tapes and the information they contained. Their testimony was certainly admissible as a res gestae statement. The recording device utilized in the courtroom was the same one on which the recording had been made. The trial judge satisfied himself as to the authenticity and the verity of the tapes. The witness demonstrated his ability to operate the recorder and testified that the conversation was between him and the defendant. Their admission was a matter of judicial discretion and we find the complaint to be without merit.

Finally complaint is made of denial of a suspended sentence.

█ Defendant was afforded a hearing on his petition for suspended sentence in accordance with the requirements of the statutes. At the conclusion of the hearing the trial judge made a comprehensive finding and set out his reasons for denying the application. He concluded that the petition for probation should not be granted due to the seriousness of the offense and due to the past criminal record of the defendant. The record indicates that the trial judge exercised reasonable judgment and his decision is supported by the evidence in the record. *Stiller v. State*, 516 S.W.2d 617, (Tenn.1974); *State v. Grear*, 568 S.W.2d 285, (Tenn.1978).

We affirm the judgment.

BYERS, J., concurs.

DAUGHTREY, J., concurs in result.

### ORDER ON PETITION TO REHEAR

A Petition to Rehear has been filed in this cause by which defendant seeks to reargue matters previously submitted to the court and fully considered.

The Petition to Rehear does not present any material proposition of law not considered by the Court in the original opinion.