**STATE of Tennessee, Appellant,**

v.

**Ulysses MOORE, Alias, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 19, 1984.

Permission to Appeal Denied by Supreme Court July 2, 1984.

Mary Beth Leibowitz, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., Steven A. Hart, Asst. Atty. Gen., Nashville, J. Mikel Dixon, Robert J. Jolley, Jr., Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

TATUM, Judge.

The defendant, Ulysses Moore, was convicted of assault to commit first degree murder for which punishment was set at 15 years imprisonment. The defendant attacks the sufficiency of the evidence, the sufficiency of the indictment, and the trial court's jury instructions. After considering these issues, we have determined that the judgment must be affirmed.

█ We first address the issue attacking the sufficiency of the evidence. The prosecution arose from the shooting of 15-year old Rufus Eugene Nance in front of the Iron Horse Club in Knoxville, shortly after midnight on May 14, 1982. The defendant had accused the victim of stealing money from him but the victim denied this accusation.

The evidence accredited by the jury established that the victim and others had congregated in front of the Iron Horse Club when the defendant told the victim that he would be back in 10 minutes to kill him. The defendant returned in approximately 10 minutes and asked to talk to the victim in private. As they walked toward the end of a car, the defendant grabbed the victim's arm and knocked him to the ground. As the victim was getting up, defendant produced a pistol and shot the victim in the stomach. The victim tried to run, but the defendant continued to shoot the pistol. The victim recalled falling to the ground and being unable to move. One of the two gunshot wounds inflicted upon the victim lodged in the spinal cord and permanently paralyzed the victim's legs. The defendant left in his automobile immediately after the shooting. Three other witnesses corroborated the victim's version of the shooting.

The defendant and his witnesses testified that after the victim and another person had taken money from him, the victim initiated a fist fight with him. During that fight, several shots were fired from an unknown source. The defendant's version was that he had no pistol and did not shoot the victim or initiate a fight with him.

This conflict in the evidence and credibility of the witnesses was resolved by the jury verdict. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560

(1979). There was abundant evidence upon which a rational trier of fact could be convinced beyond a reasonable doubt of the defendant's guilt. This issue must therefore be overruled. Rule 13(e), T.R.A.P.

■ The appellant next states that the court erred in overruling his motion to dismiss the counts charging assault with intent to commit murder. The motion to dismiss was grounded on the fact that the indictment did not specify the manner of the assault or the weapon used. The defendant's contention is supported by *Bass v. State*, 65 Tenn. 579 (1872) which held that an indictment must charge the manner of the assault or the weapon used to effect the intent to commit murder.

The *Bass* case was decided before the advent of the Rules of Criminal Procedure now in force. Rule 7(c) permits a defendant to move for a bill of particulars "so as to adequately identify the offense charged." The purpose of a bill of particulars is to apprise the defendant of the precise charges against him. *State v. Wiseman*, 643 S.W.2d 354 (Tenn.Crim.App. 1982). In *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir.1976), the court held that the purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. Also see *United States v. Ferguson*, 460 F.Supp. 1 (1977).

The indictment in this case follows the language of T.C.A. § 39–2–103. It contains the elements of the offense charged and sufficiently apprises the defendant of what charge was made against him. The indictment left no danger of a subsequent prosecution for the same offense. We find that the indictment met modern requirements. See *Morris v. State*, 608 S.W.2d 154 (Tenn.Crim.App.1980); *State v. Wiseman, supra.* We also observe that the defendant was prepared at trial to contest the State's theory that the defendant committed the crime with a pistol. This issue is without merit.

■ The defendant next complains of the court's instructions to the jury relative to punishment. The court first instructed the jury that punishment for this offense is imprisonment for life or for a period of not less than 5 years. He also instructed the jury that they should fix a determinate sentence. The jury fixed punishment at a minimum of 10 years and a maximum of 15 years. The court then instructed the jury:

"... you have to fix a definite number of years. There's no minimum and no maximum. It has to be for some certain number of years, just one sentence. It can be a flat ten years; it can be a flat 15 years; or it can be somewhere in between. But it has to be a—it's called a determinate sentence and has to be for a definite number of years."

The defendant did not object to the language used by the trial judge in this supplemental charge. The jury then fixed punishment at 15 years imprisonment.

When we consider the context, we cannot say that the trial judge committed error in the supplemental instructions. The jury had already fixed a minimum of 10 years imprisonment and a maximum of 15 years imprisonment. The trial judge was using the language of the jury in explaining the correct procedure. Moreover, if the instruction was erroneous, it was harmless beyond doubt. When the jury fixed punishment at 15 years, after being instructed to fix it at not less than 10 years nor more than 15 years, it would be futile to speculate that the jury might have fixed punishment at a period between 5 years and 10 years, had they been again instructed that the minimum punishment was 5 years.

We find no merit in the issues and affirm the judgment below.

O'BRIEN and BYERS, JJ., concur.