**UNITED STATES of America**

v.

**Rudolfo RISATTI, Defendant.**

**No. 85 CR 168.**

United States District Court,
E.D. New York.

July 10, 1986.

See also, D.C., 643 F.Supp. 965.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y. by George Daniels, Asst. U.S. Atty., for U.S.

Kenneth J. Weinstein, Garden City, N.Y., for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendant herein has filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure or, in the alternative, for an order setting aside the verdict pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Defendant's basis for his Rule 33 motion is the alleged ineffective assistance of trial counsel and for his Rule 29 motion is insufficiency of the evidence.

Under the authority of *United States v. Dukes,* 727 F.2d 34 (2d Cir.1984), this Court lacks jurisdiction to consider defendant's Rule 33 motion because it was filed more than seven days after the verdict and a claim of ineffective assistance of counsel does not constitute "newly discovered evidence." In his reply affidavit, defendant's new attorney asserts that the record is unclear as to whether the Court made a definitive determination of a post-

trial motion or whether a request for an extension of time to make motions beyond the seven days was made after the return of the jury's verdict. Defendant thus concludes that the Court has inherent authority to grant him an extension of time to make post-trial motions *nunc pro tunc.*

This assertion of the defendant is incorrect. The record is perfectly clear that the Court offered the defendant's trial counsel the opportunity to request an extension of time in which to make post-trial motions but trial counsel chose to make his motions orally, immediately following the jury's verdict. Trial counsel's motions were denied at that time. *See* Trial Record at 6822–24. Defendant now wants a belated "second bite of the apple" and the Court will not allow this.

 Defendant asserts in the alternative that the Court may convert his Rule 33 motion to an application under 28 U.S.C. § 2255 and thus reach the merits of his ineffective assistance of counsel claim. This the Court may not do as the defendant has not yet exhausted his remedies by appeal. *United States v. Dukes,* 727 F.2d at 41. Defendant asserts that the exhaustion requirement should not be applied here because there is an insufficient record on which to consider his ineffective assistance of counsel claim on direct appeal and thus this Court should hold a hearing to further develop the record in a § 2255 proceeding. The Court declines to follow defendant's unorthodox procedure. The extensive record of the trial as well as all of the exhibits and other submissions form a more than adequate record on which to consider the ineffective assistance of counsel claim on direct appeal.

Defendant's original Rule 29 motion made on the day of the verdict was denied on the merits. *See* Trial Record at 6822–24. His present motion was also filed more than seven days after the jury was discharged and the cases appear to hold that the Court is also now without jurisdiction to grant this motion. *See United States v. Godoy,* 678 F.2d 84, 88 (9th Cir.1982), *cert. denied,* 464 U.S. 959, 104 S.Ct. 390, 78

L.Ed.2d 334 (1983); *United States v. Beran,* 546 F.2d 1316, 1319 n. 1 (8th Cir.1976), *cert. denied,* 430 U.S. 916, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977); *United States v. Ferguson,* 460 F.Supp. 1, 5 (E.D.Tenn.1977). In any event, the Court adheres to its original decision and this motion also is hereby denied.

Defendant's Rule 33 motion is dismissed for lack of jurisdiction and his Rule 29 motion is denied for this reason and on the merits.

SO ORDERED.