805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald N. OGRIZOVICH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 85-3997.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the district court judgment which denied his motion to vacate sentence (28 U.S.C. Sec. 2255). He also seeks to proceed in forma pauperis. This appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The sentence that is the subject of appellant's Sec. 2255 motion resulted from convictions of attempting to evade income tax liability (26 U.S.C. Sec. 7201) and obstructing a criminal investigation (18 U.S.C. Sec. 1510). Those convictions were affirmed on direct appeal in an unpublished order of this Court. Appellant asserts several grounds to support his position that his sentence should be vacated: (1) lack of venue; (2) use of perjured testimony (Copeland); (3) ineffective assistance of counsel; (4) entrapment and Statute of Limitations; (5) interference with right to cross-examine and conflict of tax position; (6) prosecutorial misconduct by changing indictment, and; (7) denial of appellant's request of Internal Revenue Service special agent report.
 
 
 3
 Appellant first argues that the trial court did not have venue. A claim of improper venue is not cognizable in a Sec. 2255 proceeding. Williams v. United States, 582 F.2d 1039 (6th Cir.), cert. denied, 439 U.S. 998 (1978).
 
 
 4
 The second argument advanced by appellant is that the testimony of a government witness, Mr. Copeland was "highly misleading". Mr. Copeland's testimony was considered by this Court on direct appeal and cannot be relitigated in a Sec. 2255 proceeding. Chin v. United States, 622 F.2d 1090 (2nd Cir.1980), cert. denied, 450 U.S. 923 (1981). Appellant has tendered an affidavit from Mr. Copeland, dated March 14, 1985, in an apparent attempt to prove that Mr. Copeland's testimony was misleading. Appellant cites no authority and we are unaware of any authority for utilizing a post-trial affidavit to recant trial testimony to grant Sec. 2255 relief.
 
 
 5
 Next, appellant argues that he received ineffective assistance of counsel. He contends that his attorney failed to cross-examine certain witnesses so as to raise the issue of entrapment, failed to object to the admission of irrelevant testimony and failed to investigate and subpoena certain defense witnesses. It is difficult to conclude that his attorney's failure to pursue a defense of entrapment rendered his assistance ineffective within the meaning of Strickland v. Washington, --- U.S. ---, 104 S.Ct. 2052 (1982). A review of this Court's previous recitation of the facts leads to the conclusion that a claim of entrapment would have been frivolous. Likewise, appellant's assertion that his attorney's failure to investigate and subpoena a certain defense witness, Wallace Johnson, rendered ineffective assistance of counsel is without merit. An unsigned statement of Mr. Johnson was tendered with the Sec. 2255 motion and does not seem to bear on any relevant issue.
 
 
 6
 Appellant's fourth argument is that he was the victim of an entrapment to file his tax return. A claim of entrapment, absent any issue of a constitutional dimension, cannot be raised in a Sec. 2255 proceeding. Cf. Lothridge v. United States, 441 F.2d 919 (6th Cir.), cert. denied, 404 U.S. 1003 (1971). With respect to his argument that absent entrapment the Statute of Limitations would have expired, it is clear that no "entrapment" occurred so the Statute of Limitations argument is moot. In any event, the appellant's Statute of Limitations is an affirmative defense that is waived if not raised at trial, and it was not raised at the trial, and is not an appropriate ground for Sec. 2255 relief. United States v. Akmakjian, 647 F.2d 12 (9th Cir.), cert. denied, 454 U.S. 964 (1981).
 
 
 7
 The fifth argument advanced is that the trial court refused to allow the defense to cross-examine appellant's brother so as to show that the Internal Revenue Service had taken "irreconcilable positions" with respect to items material for calculation of the tax liability on appellant's 1976 "1040" return ..." The trial court permitted cross-examination of this witness with respect to audits of two companies with which appellant and his brother were involved, but determined that evidence regarding the personal income tax returns of appellant's brother was irrelevant. Trial court error in the admission of testimony is an improper ground on which to base a post-conviction claim. Crismow v. United States, 510 F.2d 356, 357 (8th Cir.1975).
 
 
 8
 Appellant next asserts that the prosecutor acted improperly by altering the indictment and using a witness who perjured herself. Appellant has failed to establish that he was prejudiced by the amendment of the original indictment (such amendment apparently did nothing more than to add an additional means by which appellant evaded the payment of taxes) and the record does not support his allegations that the government knew the testimony of the witness in question to be perjured. Furthermore, appellant failed to raise these issues on direct appeal and is precluded from doing so now. Chin v. United States, supra.
 
 
 9
 The final argument of appellant is that he was improperly denied access to a report prepared by a special agent for the Internal Revenue Service. Such a report is not a statement subject to production under the Jencks Act. United States v. Dark, 597 F.2d 1097 (6th Cir.), cert. denied, 444 U.S. 927 (1979).
 
 
 10
 It appears that the questions on which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the order of the district court be and it hereby is affirmed.
 
 ENTERED BY ORDER OF THE COURT